IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANA CLAUDIA RAMIREZ MENDOZA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL FERRO, CELADON | : | |
| TRUCKING SERVICE, INC., CELADON | : | |
| TRUCKING SERVICES, INC. and | : | |
| CELADON GROUP, INC. | : | NO. 18-3807 |

## MEMORANDUM OPINION

**Savage, J.**                                                                       **January 24, 2019**

      Moving to remand this motor vehicle personal injury action, plaintiff Diana Ramirez Mendoza ("Mendoza") contends that defendant Michael Ferro, a Pennsylvania citizen, improperly removed this action in violation of the forum defendant rule set out in 28 U.S.C. § 1441(b)(2). Ferro counters that removal was proper because although he is a home-state resident, he had not been served at the time of removal.

      We agree with Ferro that the recent Third Circuit case, *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018), controls our decision. The *Encompass* court held that the plain meaning of the forum defendant rule "precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served." *Id.* at 152. Therefore, because Ferro had not been served at the time of removal, we shall deny the motion to remand.

## Background

Mendoza, a citizen of North Carolina, brought this personal injury action in the Philadelphia Court of Common Pleas. She sued Michael Ferro, a Pennsylvania citizen, and his employer, Celadon Trucking Services, Inc. and Celadon Group, Inc. (collectively, "Celadon"), which are New Jersey and Delaware corporations, respectively, each having its principal place of business in Indiana.[1] Mendoza alleges that on October 28, 2015 her car was struck by a tractor-trailer owned by Celadon and operated by Ferro. She claims that she sustained severe and permanent injuries as a result of the collision.[2]

Mendoza initiated the state court action by writ of summons on October 25, 2017. She filed her complaint on December 15, 2017. Three days later, Celadon removed the action, asserting diversity jurisdiction under 28 U.S.C. § 1332(a)(1).[3] At that time, Ferro had not been served.

Mendoza moved to remand, asserting that Celadon was engaging in "race-to-remove gamesmanship" by removing the action before the plaintiff had a realistic chance of serving the home-state defendant.[4] She argued that she was having difficulty serving Ferro, a long-haul trucker who was rarely home, and this inability "should not be used as a mechanism to thwart the plain intent behind the forum defendant rule."[5]

---

[1] Not. Of Removal at ¶¶ 10-13 (Doc. No. 1).

[2] Compl. ¶¶ 2, 10-13 (Doc. No. 12-1, Ex. "A" to Mot. to Remand).

[3] *See* Celadon's Not. of Removal (Doc. No. 1 in *Mendoza v. Ferro, et al.*, Civ. A. No. 17-5673 (E.D.Pa. Dec. 18, 2017), docketed in this action at Doc. No. 12-2 at Doc. No. 5, Ex. "B" to Mot. to Remand).

[4] *See* Mot. to Remand ¶ 25 (Doc. No. 9 in Civ. A. No. 17-5673, docketed in this action at Doc. No. 12-3 at Doc. No. 39, Ex. "C" to Mot. to Remand).

[5] *Id.* ¶ 13.

Both Celadon and Mendoza acknowledged that the Third Circuit had not yet addressed the issue of whether a defendant may remove a case before a forum defendant has been served. They recognized the split among the district courts in the Third Circuit about the meaning of the forum defendant rule's "properly joined and served" language. Celadon relied on cases that literally interpreted the language. Mendoza cited those that looked beyond the "joined and served" language, holding that removal is not permitted by either a forum or non-forum defendant even where the forum defendant has not been served.

Agreeing with the reasoning of the courts that held that a literal interpretation of the "properly joined and served" language of § 1441(b)(2) would undermine the rationale behind the forum defendant rule and encourage a "race-to-remove" before the forum defendant had been served, we granted the motion to remand.[6] Almost three months later, the Third Circuit decided the issue in *Encompass*, resolving the district court split in favor of a literal reading of § 1441(b)(2). In light of *Encompass*, Ferro removed the case.

## Discussion

The "forum defendant rule," 28 U.S.C. § 1441(b)(2), does not permit removal of an otherwise removable civil action based on diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State" where the action was brought. At the time that Mendoza moved to remand the action that Celadon had removed, the Third Circuit had not yet addressed whether § 1441(b)(2) 's "properly

---

[6] *See* May 30, 20189 Order (Doc. No. 18 in Civ. A. No. 17-5673 (docketed in this action at Doc. No. 12-4, at Doc No. 42, Ex. "D" to Mot. To Remand).

joined and served" language allows a defendant to remove a case before a forum defendant has been served. Since then, it has. We must follow *Encompass*.

Two weeks after *Encompass* was decided, Ferro removed this case based on diversity jurisdiction. He argues that even though he is a Pennsylvania citizen, removal is not precluded because at the time of removal he had not been formally served with the writ of summons or complaint. *Encompass* held that § 1441(b)(2)'s limitation on removal only applies if the home-state defendant has been "properly joined and served" at the time of removal. Thus, under current Third Circuit law, removal did not contravene the forum defendant rule.

Seeking remand, Mendoza makes two arguments to distinguish *Encompass*. First, she argues that *Encompass* "did not involve repeated removal to federal court," as does this case. Second, she asserts that the purpose of the forum defendant rule, as addressed by *Encompass*, is "to prevent a plaintiff from blocking removal by joining [an in-state party as a defendant] against whom it does not intend to proceed, and whom it does not even serve," is not present in this case because she has demonstrated her intention to proceed against Ferro by her numerous attempts to serve him.

The *Encompass* court rejected the argument that permitting removal by an unserved forum state defendant would contravene the purpose of the "properly joined and served" language to prevent the plaintiff from fraudulently joining a forum-state defendant to block removal, and would render the statute nonsensical or superfluous. The court held that even if there is no fraudulent joinder, permitting removal "does not contravene the apparent purpose to prohibit that particular tactic." *Id.* at 153.

4

Despite Mendoza's effort to avoid the *Encompass* holding, she cannot do so. We must apply the holding. Any defendant, forum or non-forum, may remove an action as long as the forum state defendant has not yet been properly served. *Encompass*, 902 F.3d at 152.

Because Ferro, the forum state defendant, had not been properly served at the time of removal, this action was properly removed from the state court. Therefore, the motion to remand will be denied.

/s/TIMOTHY J. SAVAGE